13-0834-cr
*United States of America v. Cliffe Bodden*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 28th day of January, two thousand fourteen

Present:     ROBERT A. KATZMANN,
                         *Chief Judge,*
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR..,
                         *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                         *Appellee*,


                         - v. -                    No. 13-0834-cr

CLIFFE R. BODDEN, Sealed Defendant 2,

                         *Defendant-Appellant,*

S. GEORGE MILTER, Sealed Defendant 1,

                         *Defendant.**
_____

_____

*The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

For Defendant-Appellant:     Susan G. Kellman (Sarah Kunstler, *on the brief*), Law Office of Susan G. Kellman, Brooklyn, NY.

For Appellee:     Carrie Heather Cohen, Michael A. Levy, and Justin Anderson, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Cliffe Bodden appeals from a February 28, 2013 sentence imposed by the United States District Court for the Southern District of New York (Forrest, *J.*) following a plea of guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of wire fraud in violation of 18 U.S.C. § 1343. The district court sentenced Bodden principally to 37 months on each count, to run consecutively, for a total of 74 months of incarceration. Bodden appeals, arguing that the district court committed both procedural and substantive error in imposing a sentence of 74 months of incarceration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Bodden first contends that the district court committed procedural error in imposing the sentences on his counts of conviction to run consecutively rather than concurrently, contrary to the grouping provision in § 3D1.2 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."), and argues that, in imposing his sentence, the district court misunderstood the

2

Guidelines calculation. Bodden's interpretation contradicts the record, which shows that the district court correctly understood the way that his sentence would be calculated under the Guidelines. The sentencing transcript makes evident that the district court intended to deviate from the Guidelines when it ordered that the sentences run consecutively. Moreover, the district court's oral ruling, as well as the Statement of Reasons, "adequately explain . . . [the] deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). Therefore, Bodden has not demonstrated that the district court committed procedural error when it calculated his sentence pursuant to the Guidelines.

Bodden also argues that the district court committed substantive error because it unintentionally failed to properly group his counts of conviction, imposed a longer sentence than the typical nationwide and Circuit-wide sentences for similar charges, and failed to adequately justify the length of the sentence. Both arguments are meritless. First, as discussed above, the record shows that the district court consciously and explicitly imposed an above-Guidelines sentence. Second, while reasons that the district court provides in its § 3553(a) analysis must "justify the extent of the variance" from the Guidelines, *Gall*, 552 U.S. at 51, sentencing is ultimately an individualized inquiry.

The district court explained that its sentencing decision was justified by the duration of Bodden's offense; the callous nature in which Bodden solicited additional money from his victims after they tried to get their money back; and how the fraud scheme ruined the lives of families who trusted Bodden with their life savings. In view of its explanation, we disagree with Bodden's contention that the district court abused its discretion**.**

Finally, as explained above, the district court's explanation about why it imposed an above-Guidelines sentence is well-reasoned and supported by the record. *See United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc). For these reasons, we find that the district court's reasons for imposing an above-guidelines sentence were well-articulated, justified and purposeful. For the reasons stated herein, the judgment imposed by the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK